## Brookhaven Borough v. Brookhaven Zoning Hearing Board

*James P. Gannon,* for appellant.
*Edward M. Gallagher,* for appellee.

deFURIA, *J.*, April 16, 1980—By order of court dated February 1, 1980 the appeal of the Borough of Brookhaven, filed on April 4, 1979, was quashed as being untimely filed. Appellant has appealed the order of court and this opinion is hereby filed in accordance with the Pennsylvania Rules of Appellate Procedure.

Christina Carman, appellee by intervention, is the owner of property and a single family dwelling located at 115 East Brookhaven Road, Brookhaven, Delaware County, Pa. Carman filed an application for a variance to use a portion of said premises as a jewelry design studio and to permit the use of a portion of said premises for office space.

On January 4, 1979 a public hearing on the application was held before the Zoning Hearing Board of the Borough of Brookhaven, and testimony was taken and transcribed. On March 12, 1979 the zon-

ing hearing board granted a variance for the reasons set forth in its opinion. A copy of the opinion was filed with the borough secretary and a copy was mailed to Thomas L. Kelly, Esq. (attorney for Carman at the time) on March 26, 1979.

An appeal from the board's decision was subsequently filed by the borough on April 4, 1979. On October 12, 1979 appellee by intervention filed a motion to quash the zoning appeal of the Borough of Brookhaven, alleging that said appeal was not filed in a timely manner, in that the application was deemed to have been granted on February 18, 1979, since the zoning hearing board failed to render a decision pursuant to subsection 9 of section 908 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908; that an appeal to the court of common pleas from the deemed grant of the application pursuant to the provisions of subsection 908(9) of the Pennsylvania Municipalities Planning Code must be filed within 30 days of the date of such deemed grant; and that a period of 45 days elapsed between the date the application was deemed to have been granted and said appeal was filed. Appellant filed an answer to motion to quash alleging that there was a legally effective agreement to extend the time period within which the board's decision could be rendered. Thereafter, argument was held in Chambers and this court's order was entered quashing said appeal.

Subsection 908(9) of the Pennsylvania Municipalities Planning Code, as amended, 53 P.S. § 10908(9), provides in part:

"The Board or the Hearing Officer, as the case may be, shall render a written decision or, when no

decision is called for, make written findings on the application within forty-five days after the last hearing before the board or the hearing officer . . . Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant *unless* the applicant has agreed *in writing* to an extension of time. . . ." (Emphasis supplied.)

Appellant contends that at the conclusion of the January 4, 1979 hearing, counsel for applicant Carman agreed to extend the time for the filing of the decision and opinion, by virtue of the colloquy that took place:

Mr. Doyle: "Before recess, while both applicants are here, this subdivision, I think we are going to continue this meeting tonight until the Notes of Testimony have been transcribed and lodged. All right, so that begins our 45 day count from when we receive the Notes of Testimony from the Court Reporter?

Mr. Kelly: That is acceptable.

Mr. Doyle: Is that acceptable to both counsel? They are indicating their acquiescence.

Mr. Kelly: Yes, that is acceptable."

Although the record indicates an agreement by counsel for applicant Carman to extend the time period until the notes of testimony were lodged, no such written extension was ever executed. The Municipalities Planning Code clearly requires that an agreement to extend the 45 day period must be in writing by the applicant.

In DePaul Realty Company v. Borough of

Quakertown, 15 Pa. Commonwealth Ct. 16, 22, 324 A. 2d 832, 835 (1974), the court noted:

". . . [A]lthough the record clearly indicates an agreement by counsel for DePaul to extend the time, and that this agreement would be evidenced by a writing, no such written extension was ever made, and therefore, no such extension is involved in this case. Whether one observes this action of counsel as a sharp practice or not, the fact remains that the Borough should have protected itself if it was relying upon the extension since the [Municipalities Planning Code] clearly requires such extensions to be written."

The DePaul case involved section 508 of the Municipalities Planning Code. However, the wording of that section is almost identical to the provisions of the section before this court.

Since we determined that there was no effective extension of time within which to render a decision, and therefore, the application was deemed to have been approved on February 18, 1979, any appeal to the court of common pleas from the decision of the board must have been filed within 30 days after the entry of the order: Judicial Code, 42 Pa.C.S.A. §5571(b) and (c)(6). Hence, in order for the appeal to have been timely filed, it was required to be filed on or before March 20, 1979. As stated above, the appeal was not filed until April 4, 1979 and, therefore, was not filed in a timely manner.

Moreover, our finding is supported by the decision of the Honorable Clement J. McGovern, Jr. in Borough of Brookhaven v. Zoning Hearing Board of the Borough of Brookhaven and Luz, 67 Del. Co. 68 (1979), which dealt with the very same issue.

For the foregoing reasons, the motion of appellee by intervention to quash was granted and the appeal by the Borough of Brookhaven filed on April 4, 1979 was quashed.