DePaul Realty Company, Appellant, *v.* Borough of Quakertown, Appellee.

Argued June 4, 1974, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*C. William Freed, Jr.*, with him *Freed and Bahls*,
for appellant.

*Rodney D. Henry*, for appellee.

18

OPINION BY JUDGE KRAMER, August 14, 1974:

This is an appeal filed by DePaul Realty Company (DePaul) from an order of the Court of Common Pleas of Bucks County dated December 13, 1973, denying a motion by DePaul to vacate a prior order of the same court dated September 24, 1973, wherein the court remanded the matter to the Borough Council of the Borough of Quakertown (Borough) for a hearing. The hearing was to be restricted to receiving evidence on the question of whether the approval of a subdivision plan submitted by DePaul (the Borough had already denied the plan) "would adversely affect the safety and welfare of the community."

This case had its beginning when, on February 12, 1973, DePaul filed an application for approval of a subdivision and land development plan incidental to a proposal to construct 31 town houses in an R-4 zoned district of the Borough. Town house usage is permitted under the Borough's zoning ordinance upon obtaining a special exception. On February 19, 1973, DePaul applied for such a special exception, and also a variance for certain off-street parking under the proposed plan. On April 9, 1973, the special exception was allowed by the Borough's Zoning Hearing Board, but the variance was denied. No appeal was taken from this determination.

On March 5, 1973, the Borough's Planning Commission independently recommended changes in the parking plan. As a result of the denial of the parking variance, and the Planning Commission's recommendations, DePaul, on April 11, 1973, submitted a "revised preliminary plot plan for the subject tract showing all parking spaces conforming to Section 26.01(B)(2) of the zoning ordinance." Thereafter, on April 16, 1973, the Planning Commission met again to consider the revised plan. Final consideration by the Planning Commission, however, was postponed until May 14,

1973, at which meeting the Commission moved to reject the application at an executive session, which rejection was later confirmed by action of the Commission at a regular meeting on May 21, 1973. DePaul was notified of this rejection on May 24, 1973.

On June 6, 1973, at a regular meeting of the Borough Council, the revised plan submitted on April 11, 1973, was scheduled to be disapproved by resolution. At this meeting, it was orally agreed by counsel for DePaul to extend the time for Borough action on its decision until the July meeting of the Borough Council. Confirmation of this extension, however, was never reduced to writing by counsel for DePaul. At the July 5, 1973 meeting of the Borough Council, a resolution, with the required reasons, was passed disapproving DePaul's revised preliminary plan.

On July 19, 1973, DePaul appealed to the court below. A conference was held pursuant to the local court rules on September 11, 1973, and thereafter on September 24, 1973, without receiving any additional testimony or evidence, the lower court issued its order remanding the matter to the Borough Council for the hearing described above. As already stated, on December 13, 1973, after the filing of exceptions and a motion to vacate the order by DePaul, the court below denied same, and the matter was appealed to this Court.

In its appeal to this Court, DePaul argues that since the Borough did not approve the subdivision preliminary plan within 90 days of the original filing on February 12, 1973, DePaul is entitled to a final order approving the plan as filed, pursuant to provisions of the Pennsylvania Municipalities Planning Code (M.P.C.), Act of July 31, 1968, P. L. 805, §508, *as amended*, 53 P.S. §10508. Secondly, it is contended that the court below is without power to remand the matter to Borough Council.

Although it made no formal motion to quash, the Borough argues that the order of the court below is interlocutory, and that therefore this appeal should be quashed. In its opinion (which was filed after the appeal to this Court), the court below also contended that its order was interlocutory. Therefore we must answer this question preliminarily. On the surface an order remanding a matter for additional hearing is interlocutory. *Esterhai v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 361, 274 A. 2d 556 (1971). However, if the record establishes that there is a statutory restriction on the court whereby the court is without authority to remand, then our scope of review would be to determine whether the court committed an error of law. Our reading of the M.P.C. permits us to conclude that there is specific statutory language permitting the court below to remand this case to Borough Council. Section 1010 of the M.P.C., 53 P.S. §11010, states in pertinent part: "If upon motion it is shown that proper consideration of the zoning appeal requires the presentation of *additional evidence*, a judge of the court may hold a hearing to receive additional evidence or may remand the case to the body . . . whose decision or order has been brought up for review or may refer the case to a referee to receive additional evidence. . . ." (Emphasis added.)

DePaul would have us hold that the words "additional evidence" mean that unless there is some evidence before the court below, it has no power to remand. We agree with the court below that certainly the plans themselves were evidence, and therefore even under a strict interpretation of the meaning of those two words, the court could remand for "additional evidence." The court below caught the full import of our opinion in *Brauns v. Swarthmore Borough,* 4 Pa. Commonwealth Ct. 627, 288 A. 2d 830 (1972), wherein we suggested to the various courts of common pleas that they "ex-

ercise their discretion and cause an adequate record to be built so as to facilitate a proper review by an appellate court." 4 Pa. Commonwealth Ct. at 632, 288 A. 2d at 833. We fully recognize that since *Brauns, supra,* was decided, the M.P.C. was amended, so that now the governing body is permitted, but no longer required to hold a public hearing prior to approving any given plan. In this case, DePaul complains about the delay which might be caused by the remand. Quite to the contrary, the remand might shorten the time necessary for a final determination in this matter, for if the court in its discretion had ordered a de novo hearing, the matter could have taken much longer.

The real basis of DePaul's appeal, however, involves its contention that because the Borough did not act within 90 days from February 12, 1973, DePaul's plan must be deemed to have been approved as filed. Section 508 of the M.P.C., 53 P.S. §10508, reads in pertinent part:

"Approval of Plats.

"All applications for approval of a plat . . . whether preliminary or final, shall be acted upon by the governing body . . . within such time limits as may be fixed in the subdivision and land development ordinance but the governing body . . . shall render its decision and communicate it to the applicant not later than 90 days after such application is filed.

. . . .

"(3) Failure of the governing body . . . to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time . . . in which case, failure to meet the extended time . . . shall have like effect."

In at least two recent cases, this Court has literally applied the provisions of Section 508. *See Gettys v.*

*Dillsburg Borough Council,* 7 Pa. Commonwealth Ct. 519, 300 A. 2d 805 (1973) and *Joseph A. Puleo & Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A. 2d 658 (1973).

This case, however, presents a new issue in that here the applicant, before the running of the 90 days, filed revised plans. We have found no cases on point, and therefore we must determine the effect, if any, of the filing of the revised plan. At this point we should note that although the record clearly indicates an agreement by counsel for DePaul to extend the time, and that this agreement would be evidenced by a writing, no such written extension was ever made, and therefore, no such extension is involved in this case. Whether one observes this action of counsel as a sharp practice or not, the fact remains that the Borough should have protected itself if it was relying upon the extension since the M.P.C. clearly requires such extensions to be written.

We have no reservation that the revised plan was submitted by DePaul as a result of the denial of the parking variance. Without the variance, the plan on its face was in violation of the zoning ordinance, and thereby subject to disapproval by Borough Council for that reason alone. DePaul filed the revised plan in an attempt to cure the patent defect in the original plans filed February 12, 1973. The obvious effect of filing the revised plans was to void the original plans and substitute therefor the revised plans.

Nonetheless, DePaul contends that the Borough should have issued its resolution disapproving the plans on or before May 14, 1973 (the Monday following the 90th day, a Sunday, of the period from the time of the filing of the original plan). DePaul states that the revised plans were substantially the same as the original. The fact is, however, that the very problem which confronted the court below, namely, the issue of public

safety, involved in the positioning of parking spaces adjacent to public sidewalks, was the very thing which was changed in the revised plan. We agree with the court below that such changes may be deemed to be substantial changes. These changes were voluntarily made by DePaul, and when it did so, it extended the 90-day period to run from the filing of the last revised plans.

DePaul had an option. It could have insisted on its rights under the originally filed plan, and if Borough Council had not acted within 90 days in such case, then DePaul would have been entitled to approval of its plans. DePaul recognized, of course, that it could not risk such a tactic because the original plans were faulty on their face, due to DePaul's failure to obtain a variance for the parking spaces. When DePaul submitted the revised plans containing the necessary substantial changes, it automatically extended the 90-day period from the date of the filing of such revised plans.

The logic of this holding is realized when one notes that under DePaul's contention, the applicant could file revised plans on the 89th day, and the governing body would have to review the revised plans and render its adjudication within 24 hours. Clearly, this was not the intent of the Legislature. DePaul complains that planning commissions or governing bodies can recommend or insist upon endless substantial revisions to plans, thereby leading to a never-ending and expensive proposition for land developers. We repeat that the land developer need not change the plans originally submitted if he believes that such plans meet all of the requirements of the law, but once he decides to exercise his option and submit revised plans, we hold he extends the time period. As a result, the resolution disapproving DePaul's subdivision plans was not rendered beyond the 90-day statutory period provided in Section 508 of the M.P.C. (the last day for the April 11, 1973 filing

of the revised plan would have been July 10, 1973), and the court below had specific statutory authority to remand the case to Council.  This appeal is dismissed.