Clyde W. Horst, Abram S. Horst, Jr. and Elva B. Wilson, t/d/b/a Clabell Company, Appellants, *v.* Derry Township Board of Supervisors, Appellee.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Rod J. Pera,* with him *William M. Young, Jr., McNees, Wallace & Nurick, John O. Shirk* and *Barley, Snyder, Cooper & Mueller,* for appellants.

*Jerome T. Foerster,* with him *Cleckner and Fearen,* for appellee.

OPINION BY JUDGE WILKINSON, November 10, 1975:

Appellants are owners of a tract of land in Derry Township, Dauphin County, Pennsylvania, on which they wish to develop a condominium complex. On April 16, 1973, appellants submitted to the Derry Township Planning Commission a subdivision plan for their proposed development. Although the Planning Commission recommended approval, on June 11, 1973, the Township supervisors denied appellants' application.

In a letter dated June 14, 1973, the supervisors wrote to appellants:

"The majority of the board, although they accept the fact that your plans meet direct requirements of our zoning ordinance, exercised discretionary powers for the good of the Township, and denied your application because they doubt that existing power and light, water and fire protection services are adequate to withstand the impact of so many dwelling units coming into being at the same time.

"It is fair to say, also, that the majority of the Supervisors are not in favor of this condominium proposal because the high density, high rise ideas do not meet their concept of what is best for Derry Township."

Pursuant to an order of the Court of Common Pleas of Dauphin County, this case was remanded for the preparation of a record. A public hearing was held on August 6, 1974. At the hearing, appellants produced evidence from the local electric company and the water company stating sufficient capacity existed to handle the proposed development. On appeal, the Common Pleas Court affirmed the denial.

As the court below took no additional testimony and did not receive additional evidence, the scope of review by this Court is limited to whether the supervisors abused their discretion or committed an error of law. *Doran Investments v. Muhlenberg Township Board of Com-*

*missioners,* 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973); *Brauns v. Swarthmore Borough,* 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972).

Section 508(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P. S. §10508(2), on approval of plats, requires:

> "When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon."

Appellants contend the Derry Township Board of Supervisors erred as a matter of law in failing to comply with Section 508(2). We must agree. The record fails to show any defect in appellants' plan as judged under the Township's ordinances. Rather, the plan was approved by the Planning Commission and both the Township solicitor and the supervisors recognized that it satisfied the express provisions of the law. The "reasons" for disapproval communicated to appellants were not defects in the application nor did the supervisors specify the requirements not met, citing to provisions of the statute or ordinance as required by the Pennsylvania Municipalities Planning Code.

In *Brauns v. Swarthmore Borough,* 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972), this Court stated it was an error of law to reject a subdivision plan without finding it in violation of any statute or ordinance. In the instant case, we find the same error of law.

According to Section 508(3) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10508(3):

> "Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and *in the manner required herein* shall be deemed an approval of the application in terms as presented. . . ." (Emphasis added.)

Since we have determined that Derry Township did not communicate its denial to appellants in the manner provided by law, the subdivision plan must be deemed approved as presented. *Brauns, supra.* Accordingly, the order of the court below affirming appellee's denial is reversed.