David A. Swinehart, Appellant *v.* Upper Pottsgrove Township, Appellee.

Submitted on briefs, October 9, 1975, to Judges MEN-
CER, ROGERS and BLATT, sitting as a panel of three.

*Arthur F. Loeben, Jr.,* with him *Wells, Campbell,
Wells & Loeben,* for appellant.

*Sherwood L. Yergey,* with him *Kranzley, Wrigley,
Yergey, Daylor,* for appellee.

OPINION BY JUDGE BLATT, February 11, 1976:

On March 1, 1974 David A. Swinehart filed an appli-
cation for approval of a subdivision plan with the Board
of Commissioners (Board) of Upper Pottsgrove Town-
ship in Montgomery County. He proposed to subdivide a
95.2 acre tract of land into 135 lots to be developed for
residential purposes. Upon receipt of the application, the

Board submitted Swinehart's plan to both the Montgomery County and Upper Pottsgrove Township planning commissions for their recommendations. These agencies, in letters dated May 3, 1974 and May 9, 1974 respectively, strongly recommended that the plans be denied approval. The Board then met on May 28, 1974 and formally rejected the plan. In a letter from the Board dated May 29, 1974 Swinehart was notified that his plan had been rejected "on the recommendation of the Upper Pottsgrove Planning Commission as outlined in their letter of May 9, 1974, and on the recommendation of the Montgomery County Planning Commission as outlined in their letter of May 3, 1974." Swinehart appealed this rejection to the Court of Common Pleas of Montgomery County which affirmed the decision of the Board without taking additional evidence. This appeal followed.

Our scope of review where the court below did not take additional evidence is to determine whether or not the governing body abused its discretion or committed an error of law. *Horst v. Derry Township Board of Supervisors*, 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975).

In *Brauns v. Swarthmore Borough*, 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972) this Court stated that it was an error of law for the governing body to reject a subdivision plan in the absence of findings that the plan violated any applicable statute or ordinance. Moreover, we have also held that the rejection of any such plan must be communicated in the manner required by the subdivision and land development provisions of the Pennsylvania Municipalities Planning Code[1] (MPC). *Horst v. Derry Township Board of Supervisors, supra.*

Here Swinehart asserts that the Board's letter of rejection fails to meet the notification requirements as set forth in Section 508(2) of the MPC, 53 P.S. §10508(2)

---

1. Act of July 31, 1968, P. L. 805, *as amended*, 53 P.S. §10501 et seq.

and that, more significantly, his subdivision plan complies in all respects with the township's applicable subdivision ordinance.

In defense of its treatment of Swinehart's application, the township Board raises a technical matter relating to fees which we must dismiss at the outset. The subdivision ordinance here requires that all applications must be accompanied by a five dollar filing fee plus fifty dollars additional for each of the proposed subdivided lots. Here Swinehart paid the five dollar filing fee but there is no evidence of his payment of the fifty dollars required for each of his proposed 135 lots. The Board argues, therefore, that Swinehart's application was not properly subject to treatment in accordance with the subdivision approval requirements of the MPC. It must be noted, however, that the application was accepted and reviewed by the township Board as a formal application pursuant to the subdivision ordinance, with no objection raised as to the deficiency of the filing until the action of the Board was appealed. It is improper to raise such matters for the first time on appeal. *Cf. Bur v. Horsham Township Board of Supervisors*, 22 Pa. Commonwealth Ct. 141, 348 A.2d 156 (1975).

The MPC, of course, authorizes the governing body of the various municipalities of the Commonwealth to regulate subdivision by enacting a subdivision and land development ordinance. The subdivision ordinance here involved, however, was enacted prior to the 1968 provisions of the MPC, and our review of the ordinance reveals that it is very limited in scope. It provides absolutely no indication that subdivision plans shall be subject to the provisions of any other ordinance or to any existing comprehensive plans. And yet the subdivision plan submitted by Swinehart was rejected, for the most part, on advice of the county and township planning commissioners that the proposal was not in keeping with the township's comprehensive plan. The law in this regard

is not favorable to the township's position here, and it can be summarized best, perhaps, by an observation of the county planning commission in its letter of recommendation to the Board.

"The Township Comprehensive Plan is a useful tool for properly guiding growth and development in the township. But the valid and beneficial planning concepts it embodies have no legal backing through the existing zoning ordinance and, therefore, cannot be implemented until a new zoning ordinance is adopted which incorporates these concepts and uses the comprehensive plan as a basis."

See *Saenger v. Planning Commission of Berks County*, 9 Pa. Commonwealth Ct. 499, 308 A.2d 175 (1973); *Morelli v. Borough of St. Marys*, 1 Pa. Commonwealth Ct. 612, 275 A.2d 889 (1971). Section 508 (2) of the MPC, 53 P. S. §10508 (2) makes this point clear.

"When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the *statute* or *ordinance* relied upon." (Emphasis added.)

This brings us to the sufficiency of the Board letter notifying Swinehart that his plan had been rejected. There were no specified references in the letter to enforceable provisions of the township's zoning or subdivision ordinance which Swinehart's plan is said to have violated. It reads in toto:

"Dear Mr. Swinehart:

"At the regular meeting of the Board of Commissioners held Tuesday, May 28, 1974, the Board rejected your subdivision for 135 lots located on Gilbertsville and Snyder Roads on the recommendation of the Upper Pottsgrove Planning Commission as outlined in their letter of May 9, 1974, and on the recommendation of the Montgomery County Planning Com-

mission as outlined in their letter of May 3, 1974. Copies of these letters are already in your possession. The Board also noted certain requirements of the Subdivision Ordinance were missing from the plan.

"If you have any questions or would like to review the Plan with the Board or Planning Commission, please do not hesitate to contact me.

Very truly yours,
Sandra K. Fritz, Secretary
Board of Commissioners".

The letter itself clearly lacks the specificity required under the MPC. *See Horst v. Derry Township Board of Supervisors, supra,* and *Brauns v. Swarthmore Borough, supra.* Assuming without deciding that the letter of rejection lawfully incorporates the recommendatory letters of the two planning commissions, we would observe that the grounds for rejection stated therein speak only in general disagreement with certain aspects of the plan. Among other things there was concern with the apparent lack of imagination in the lot and street layout, with the unavailability of sewage services under the Montgomery County Sewage Facilities Plan, the lack of a public water supply, and with the location of some of the lots upon a flood plain and there was an indication that the tract was thought to be more suitable for lower density development because of the traffic problems which development might bring about. So far as we can determine, however, not one of these considerations is cited to or embodied in a legally enforceable zoning ordinance or made part of the subdivision ordinance itself. It is true that a staff report attached to the county planning commission's recommendations draws attention to a zoning ordinance without citing a specific section which requires residential lots to have a minimum of 100 feet of road frontage and that 13 of Swinehart's proposed lots fail to meet this requirement. This obscure reference to a zoning violation found in an attachment to a recommendation letter to

the Board and not cited in the Board's letter itself does not in our view meet the specificity requirements of the MPC. We do not believe, therefore, that Swinehart's application for subdivision approval filed with the Upper Pottsgrove Township Board of Commissioners was properly denied approval. Accordingly, the order of the Court of Common Pleas of Montgomery County is hereby reversed and this case is remanded to the Board of Commissioners for action not inconsistent with this opinion.