546 A.2d 712

Claremont Properties, Inc., Appellant *v.* Board of Township Supervisors of Middlesex Township, Appellee.

528

Argued April 18, 1988, before Judges CRAIG, and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Charles B. Zwally,* with him, *Paula J. Leicht, Shearer, Mette, Evans & Woodside,* for appellant.

*Charles D. Vance, Jr.,* with him, *Richard C. Snelbaker, Snelbaker, Elicker & Silver,* for appellee.

*Charles E. Zaleski, Tive, Hetrick & Pierce, P.C.*, for intervenors.

OPINION BY JUDGE CRAIG, August 12, 1988:

Claremont Properties, Inc. (Claremont) appeals from an order of the Court of Common Pleas of Cumberland County that (1) denied Claremont's motion to take additional evidence in its appeal to the court from a denial of Claremont's subdivision application by the Board of Township Supervisors of Middlesex Township and (2) dismissed Claremont's appeal.

The principal issue involved is whether a trial court may dismiss a subdivision appeal in the course of ruling on a motion to take additional evidence based upon the judge's recollection that the applicant's counsel conceded at oral argument on that motion that the application did not meet the requirements of the ordinance.

## History

On May 5, 1986, Claremont submitted to the township supervisors a subdivision application in the form of a land development plan and supporting documentation for 15.15 acres of a site that Claremont owns in Middlesex Township. The plan proposed the construction of a truck terminal, storage facilities and an office building. Claremont later submitted additional engineering data pursuant to a request by the township's engineer.

When Claremont filed the application, the property was located in an industrial district under the township's zoning ordinance, and the proposed uses were permitted in such a district. As the result of an amendment to the zoning ordinance adopted by the township supervisors after Claremont filed its application, only residential and agricultural uses are now permitted for this property.

After receiving planning commission recommendations, the township supervisors held a public meeting on July 2, 1986, and received unsworn comments both for and against the proposal. They then voted to deny approval of Claremont's application and issued a written decision on July 3, 1986. Claremont appealed to the court of common pleas. The court granted leave to intervene to a group of persons living near the proposed development who make up the Middlesex Action Committee.

On September 18, 1986, Claremont filed a Motion for a Hearing to Present Additional Evidence, answered by the appellee township supervisors and the intervenors. Counsel for Claremont and for the township supervisors argued the motion before the court of common pleas on December 10, 1986. On December 17, 1986, the court issued the order described above, both denying the motion for a hearing and dismissing the appeal. After discussing in detail the rationale for refusing to accept additional evidence, the opinion stated that because Claremont had conceded that its application did not meet the requirements of the township ordinance, there was no need to have the merits of the appeal listed and argued.

Claremont filed a petition for reconsideration on December 24, 1986, answered by the township supervisors and the intervenors. The petition averred, among other things, that Claremont had not conceded that its plan did not meet the requirements of the ordinance.

On January 15, 1987, Claremont filed a notice of appeal to the Commonwealth Court. The common pleas court judge who had dismissed the appeal issued a memorandum opinion on February 5, 1987, which stated that, although the judge specifically recalled Claremont's counsel's conceding at oral argument that Claremont's plan did not meet the requirements of the town-

ship's ordinance, the court would be willing to consider whether fairness required granting the petition for reconsideration to the extent of allowing counsel to brief and argue the merits of the initial appeal. However, the judge noted that he was precluded from acting further in the matter by Pa. R.A.P. 1701(b)(3)(ii), which permits the court to reconsider only if the court issues an order expressly granting reconsideration within the period prescribed for the filing of a notice of appeal, in this case, thirty days.

## Analysis

Where the common pleas court does not take additional evidence in a subdivision appeal, the scope of review of this court is to determine whether the governing body of the municipality abused its discretion or committed error of law. *Brauns v. Borough of Swarthmore*, 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972). Where the common pleas court does take additional evidence, it must decide the case de novo, and this court's scope of review is to decide whether the court, rather than the governing body, committed abuse of discretion or error of law. *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975). Here, although the court declined to conduct a hearing to receive additional testimony, the court did purport to receive additional evidence in the form of the alleged concession by Claremont during the common pleas court proceedings. Therefore the latter scope of review applies.

Claremont first contends that the common pleas court abused its discretion and committed error of law by dismissing Claremont's entire appeal in the context of a ruling on a procedural motion for an additional hearing, because that dismissal violated both the Penn-

sylvania Municipalities Planning Code (MPC)[1] and due process of law.

Section 1006(a)(1) of the MPC, 53 P.S. §11006(a)(1), permits a landowner to appeal directly to the court from a decision of the governing body under a subdivision ordinance. Where the municipality provides a procedure for the submission of preliminary or tentative plans, that section permits a landowner to elect to treat an adverse decision on such a plan as final and appealable. Section 1010 of the MPC, 53 P.S. §11010, provides in part:

> If upon motion it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence . . . . If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence . . . , the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact, or if additional evidence is taken by the court . . . , the court may make its own findings of fact based on the record below as supplemented by the additional evidence, if any.

Claremont argues that its section 1006(1)(a) right to an appeal to the court is meaningless if the court precludes Claremont from presenting the substantive merits of its case. In Claremont's view, section 1010 contemplates a two-step process whereby (1) the court either grants or denies the request to hear additional evidence, and then (2) the court proceeds to decide the

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

case on the record, which includes additional evidence from a hearing if the hearing request was granted. Claremont asserts that if the court denies the request for an additional hearing, then, in order to provide the appeal permitted by section 1006, the court must permit a subsequent argument to consider the merits on the basis of the record made before the governing body.

Here the common pleas court proceeded normally through the procedure described by Claremont, accepting briefs and hearing argument on a request for a hearing to take additional evidence and then denying that request in its order dated December 17, 1986. The opinion then stated, "Since Appellant concedes that its plan does not meet the requirements of the township ordinance, there is no need to have the merits of the appeal listed and argued." Reproduced Record 164a. Claremont notes that the opinion offered no explanation as to where Claremont made the alleged concession, although the court's later memorandum opinion refers to the judge's recollection that Claremont's counsel made the concession at oral argument on the motion to receive additional evidence.

The township supervisors and the intervenors respond to Claremont's argument based on the MPC by asserting that Claremont raised the merits of its appeal in the context of the motion for a hearing, thereby transforming that proceeding into something closer to a trial than to motion practice. However, the supervisors and intervenors do not point to anything in Claremont's motion itself in support of this contention. Our review of the motion shows that it confined itself to a listing of instances in which the township supervisors allegedly relied on information outside the record in reaching their decision or allegedly failed to explain the factual basis for the applicability of certain provisions of the township ordinance cited in their decision. Claremont

hoped to adduce at a hearing both the township's evidence on these matters and its own contrary evidence in rebuttal. The only relief requested by the motion was that the court set a hearing date. R.R. 116a-22a.

The supervisors and intervenors rely on statements quoted from Claremont's brief on the hearing motion to the effect that the court should reverse the supervisors' decision if the court denied Claremont's motion. Although those statements may have constituted a degree of overreaching by Claremont in the context of its procedural argument, they did not have the effect of transforming the motion for additional evidence into a consideration of the merits of the case.

In support of a supposed power of a court to establish a fact based on a statement of counsel at oral argument, the township supervisors cite cases holding that a judge's recollection should take precedence over that of a stenographer, if there is a disagreement, for the purpose of preparing a transcript. Those cases are inapposite. They establish simply that if memory must be relied on in order to reduce a factfinding proceeding to writing, then it should be the memory of the responsible judicial officer. The cases do not stand for the proposition that a material fact may be determined on the basis of nothing more than the judge's memory of a statement by counsel in a nonfactfinding proceeding. The fact that the trial court purported to establish on such a basis in this case—a concession by Claremont that its plan did not meet the requirements of the ordinance—was not only material but determinative. We agree with the holding of the Superior Court in *Matovich v. Gradich*, 123 Pa. Superior Ct. 355, 187 A. 65 (1936), cited by Claremont, that a court may not properly base an adjudication on matters stated in oral argument that do not appear of record.

Claremont is correct in its contention that the judge's dismissing its appeal in the context of ruling on its motion for a hearing effectively denied Claremont its right to an appeal under section 1006 of the MPC. The court's disposing of the entire appeal in the course of ruling on the purely procedural motion provided for in section 1010 was not proper.

Accordingly, we must vacate the decision of the common pleas court and remand for further proceedings on the merits consistent with the requirements of the Municipalities Planning Code.

Because we have concluded that this case must be remanded for consideration by the common pleas court of the merits of the appeal, we need not consider Claremont's arguments concerning the applicability of various sections of the township ordinance cited in the Supervisors' decision or the admissibility and sufficiency of evidence relied on by the supervisors. These matters are properly for the common pleas court on remand.

The sole remaining issue is whether the common pleas court abused its discretion by not granting a hearing to receive additional evidence and hence should do so on remand. As the judge noted in his December 17, 1986, opinion, this court has advised common pleas courts as follows on this subject:

> The subdivision of a tract of land such as is presented to us in this case is no light matter. The case involves important property rights, not only of the Applicant but of the citizens of this Borough. We suggest that in the future courts of common pleas in this Commonwealth exercise their discretion and cause an adequate record to be built so as to facilitate a proper review by an appellate court.

*Brauns,* 4 Pa. Commonwealth Ct. at 632, 288 A.2d at 833. As Claremont points out, the threat to its property

rights is particularly acute here because the intervening zoning change will prevent Claremont from proposing any industrial use for this site in the future. *See Valley Run, Inc. v. Board of Commissioners of Swatara Township*, 21 Pa. Commonwealth Ct. 649, 347 A.2d 517 (1975).

Claremont's responses to most of the deficiency items listed in the supervisors' decision are purely legal challenges (principally to the applicability of ordinance sections cited by the supervisors or to the sufficiency of the supervisors' explanations of why the submitted plan did not comply) that would not require the taking of additional evidence for their resolution. However, on some points the disputes between the parties are primarily factual. Additional evidence is required on the following points in order to build a record sufficient for adjudication by the common pleas court:

1. Part A, Item 1 of the supervisors' decision asserts that the land in question is not available as a separate building lot under a restrictive subdivision plan approval recorded in 1984. Claremont contends that the restriction is a standard one stipulating that the property cannot be used as a separate building lot until all of the township's regulations are met. The previously recorded plat, and any restrictions recorded with respect to it, should be made part of the record.

2. Part B, Item 8 of the decision states that the plan violates section 500(a)(17) of the subdivision ordinance because it does not contain notes regarding deed restrictions. Claremont avers that none are proposed.

3. Part B, Item 9 states that the plan violates section 500(b) of the ordinance because the plan fails to provide the location of any neighboring on-site sewer and water facilities. Claremont asserts that there are no such neighboring facilities to be shown.

4. Part B, Item 16 states that the plan violates section 702 of the ordinance in that the abutting road is

inadequate to handle the proposed truck traffic, the development would create traffic hazards, and the development would pose an environmental threat to Letort Creek. Claremont contends that these allegations are overly general, beyond the requirements of the ordinance and not supported by evidence contained in the record. If the court concludes that these matters properly were raised by the supervisors, the court should permit Claremont to present evidence on them.

5. Part B, Item 21 states that the plan violates section 705(a) of the ordinance because, in the township supervisors' opinion, township sewer and water lines are accessible to the site, and on-lot facilities may not be appropriate to the property. Claremont says that the nearest township sewer line is 4,000 feet away, far beyond the required hookup distance.

6. Part B, Item 23 lists a violation of section 706(d) of the ordinance, asserting that the proposed iron pipes are not adequate monuments. Claremont responds that the ordinance provides no standards for monuments and that iron pipes are customarily used by surveyors.

7. Part B, Item 24 does not specify a section of the ordinance claimed to be violated, but the item contains the supervisors' assertion that the plan as designed will channel surface water runoff into the sewage disposal area, saturating it, and causing the sewage system to malfunction. Claremont contends that its system is properly designed. The supervisors' allegations here are similar in nature to those in Part B, Item 16, above at paragraph 4. If the court concludes that this subject was properly raised, the court should permit Claremont to introduce evidence relating to the operation of its proposed on-site sewage system.

Accordingly, the common pleas court, upon remand, should receive evidence to resolve the foregoing points, or, at the court's option, should remand further to the township for such purpose.

538

## ORDER

Now, August 12, 1988, the order of the Court of Common Pleas of Cumberland County at No. 2108 Civil 1986, dated December 17, 1986, is vacated, and this case is remanded to that court with instructions to provide for the receipt of additional evidence as stated in the foregoing opinion, and after the making of such additional record, to decide the merits of Claremont's appeal.

Jurisdiction relinquished.