1999 PA Super 14

**CORESTATES BANK, N.A., Successor by Merger to Meridan Bank, formerly know as American Bank Trust Co. of Pa., Appellee,**

v.

**Louis J. CUTILLO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1998.

Filed Jan. 22, 1999.

1054

Mark C. Clemm, Plymouth Meeting, for appellant.

Karen F. Longenecker, Reading, for appellee.

Before POPOVICH and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment entered in favor of appellee, CoreStates Bank, N.A. ("the Bank"), by the Court of Common Pleas of Montgomery County on April 6, 1998, in an *in personam* action brought by the Bank against appellant, Louis J. Cutillo, to collect a debt following appellant's default under the terms of a promissory note. Upon review, we affirm the summary judgment granted on the Bank's action in assumpsit, but reverse with respect to several counterclaims raised by appellant.

¶ 2 In reviewing a grant of summary judgment, an appellate court may only disturb the order of the trial court where there has been a clear error of law or a manifest abuse of discretion. *See Albright v. Abington Mem'l Hosp.*, 548 Pa. 268, 279–80, 696 A.2d 1159, 1165 (1997). Nevertheless, our scope of review is plenary. *Id.* Summary judgment is proper when no dispute exists as to the material facts and the moving party is entitled to judgment as a matter of law. *See*

*Ertel v. Patriot–News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996). The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of material fact must be resolved against the moving party. *See Albright*, at 280, 696 A.2d at 1165.

¶ 3 The relevant facts and procedural history, set forth in a light most favorable to appellant, are as follows: Between 1986 and 1991, six personal and business loans were made to appellant by the Bank, most of which were secured by mortgages on appellant's residence. The first loan was made on March 11, 1986, on which date appellant executed and delivered a promissory note to the Bank in the original principal amount of $95,-000. This note was secured by a mortgage on appellant's residence.[1] The Bank commenced the action underlying this appeal by complaint on September 15, 1994. The Bank's complaint alleged that appellant was in default on the March of 1986 note since he failed to pay the required monthly installments since April of 1991. On January 18, 1995, appellant filed an answer, new matter and counterclaims. In response to the Bank's preliminary objections to his answer, new matter and counterclaims, appellant filed an amended answer, new matter, and counterclaims, to which the Bank again filed preliminary objections.

¶ 4 Appellant maintained in his amended answer, new matter and counterclaims that his loan obligation under the March of 1986 note had been paid and/or satisfied. Specifically, appellant asserted that in January or February of 1991, the Bank orally agreed to lend him $50,000 if he would execute a $50,-000 mortgage on his residence in favor of the Bank. Appellant signed a mortgage in favor of the Bank in the amount of $50,000 on February 26, 1991, but the Bank never lent him the money. Appellant claimed that as a result of the Bank's failure to advance him the $50,000 he lost "significant income, lost a significant business opportunity, and suffered significant damages[,]" and, therefore, he was "entitled to a set off in at least the amount

allegedly outstanding on the note" underlying the Bank's complaint. Amended Answer, New Matter and Counterclaims, 2/24/95, at ¶¶ 25, 26.

¶ 5 Appellant's amended new matter and counterclaims also asserted that the Bank had improperly failed to satisfy a $110,000 mortgage on a separate note that was executed in March of 1990. This mortgage secured a guaranty given in connection with a loan made by the Bank to a third party to facilitate the third party's purchase of a pharmacy owned by appellant. Appellant alleged that the Bank had orally agreed to satisfy the mortgage if the third party was current in his loan payments for a period of three years. However, after three years of timely payments, the Bank refused to satisfy appellant's accompanying mortgage.

¶ 6 In its preliminary objections, the Bank demurred to appellant's amended new matter and counterclaims and, alternatively, sought more specific pleadings. On November 22, 1995, following oral argument, the Honorable Lawrence A. Brown entered an order granting the Bank's preliminary objections in the nature of demurrer and striking appellant's amended new matter and counterclaims. On November 17, 1997, the Bank filed a motion for summary judgment, to which appellant responded by setting forth the same arguments raised in his amended new matter and counterclaims. Oral argument on the Bank's motion for summary judgment was held before the Honorable Kent H. Albright, who subsequently granted the Bank's motion. The present appeal followed.

¶ 7 In this appeal, appellant presents two issues for our consideration:

1. Did the lower court err by granting the Bank's motion for summary judgment based on an alleged admission at oral argument that appellant was in default with respect to the promissory note and mortgage at issue?

---

1. The first loan was made to appellant by Meridian Mortgage Corporation. On March 27, 1986, Meridian Mortgage assigned the note and mortgage to American Bank and Trust Company of

Pennsylvania, which later changed its name to Meridian Bank. Corestates Bank, N.A., is the successor by merger to Meridian Bank, hence, Corestates is the appellee in this matter.

2. Because appellee brought an *in personam* action against appellant based upon appellant's alleged default under a mortgage note, was appellant permitted to raise defenses and counterclaims which did not arise directly from the same transaction or occurrence alleged in the complaint?

■ ¶ 8 In his first issue, appellant argues that the lower court erred by granting summary judgment based, in part, on appellant's alleged admission at oral argument that he was in default on the promissory note underlying the Bank's cause of action.[2] Appellant argues that because his alleged admission at oral argument does not appear of record, Judge Albright's reliance on the statement to establish the material fact of his default was improper. In support of his position, appellant directs us to *Claremont Properties, Inc. v. Board of Township Supervisors of Middlesex*, 118 Pa.Cmwlth. 527, 546 A.2d 712 (1988). In *Claremont Properties*, the Commonwealth Court found that a material fact may not be based on *"nothing more* than [a] judge's memory of a statement by counsel in a nonfactfinding proceeding." *Id.* 546 A.2d at 715 (emphasis added) (citing *Matovich v. Gradich*, 123 Pa.Super. 355, 187 A. 65 (1936)).

■ ¶ 9 We find *Claremont Properties* inapposite. In his brief, appellant admits that at oral argument he informed the lower court that "certain payments had not been made on account of the promissory note[,]" and while appellant argues that his nonpayment does not constitute a default on the note, we disagree. Brief of Appellant, at 10. In an action on a note or bond secured by a mortgage, a plaintiff presents a *prima facie* case by showing "the execution and delivery of the [note] and its nonpayment...." *Philadelphia Workingmen's Sav. Loan & Bldg. Ass'n v. Wurzel*, 355 Pa. 86, 90, 49 A.2d 55, 57 (1946). Since appellant does not contest the Bank's assertion that he failed to make payments as required under the terms of the note, we are not persuaded that material facts are in dispute. Therefore, appellant's first claim must fail.

■ ¶ 10 Appellant's second issue stems from Judge Brown's granting of the Bank's preliminary objections to appellant's amended new matter and counterclaims in the form of demurrer.[3] Appellant argues that because his amended new matter and counterclaims were otherwise legally sufficient, Judge Brown must have granted demurrer on grounds of the "the procedural issue involving whether or not new matter and counterclaims can be raised in connection with an *in rem* or *in personam* proceeding."[4] Brief of Appellant, at 15. Appellant also contends that Judge Albright's grant of summary judgment was improper because it was based, in part, on Judge Brown's incorrect disposition of the Bank's preliminary objections.[5]

2. Judge Albright's order reads, in pertinent part: [U]pon consideration of Plaintiff's Motion for Summary Judgment, Defendant's response thereto, the memoranda of law filed in this matter, as well as Defendant's own admission at oral argument that he is in default with respect to the Promissory Note and Mortgage executed on March 11, 1986, and noting that Defendant's New Matter and Counterclaims have been stricken pursuant to the November 22, 1995 Order of the Honorable Lawrence A. Brown, it is hereby ORDERED and DECREED that there are no genuine issues as to any material fact, and judgment as a matter of law is entered in favor of the Plaintiff[.]
Order of Lower Court, 4/8/98.

3. Importantly, Judge Brown's order does not explain his grounds for dismissing appellant's amended new matter and counterclaims. Judge Brown's order provides in its entirety:
AND NOW, this 22 nd day of November, 1995, after argument and consideration of briefs and additional research, the plaintiff's Preliminary Objections are granted and defendant's New Matter and Counterclaims are stricken.
Trial Court's Order Sur Plaintiff's Preliminary Objections to New Matter and Counterclaims of Defendant, 11/28/95, at 1.

4. The Bank argues that appellant has not properly preserved this argument for appeal. However, as Judge Brown's order was interlocutory, this appeal constitutes the first stage at which appellant was required to raise this argument. Further, the argument was properly preserved as appellant included it in his "Statement Of Matters Complained Of" filed pursuant to this appeal.

5. The relevant text of Judge Albright's order is set forth in footnote 3, *supra*.

¶ 11 A defendant in an action of *mortgage foreclosure* may only plead counterclaims that "arise from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." Pa.R.C.P. 1148; *see also First Wisconsin Trust Co. v. Strausser*, 439 Pa.Super. 192, 653 A.2d 688 (1995). However, no such pleading limitations exist where a mortgagee brings an action *in assumpsit* on a promissory note to obtain an *in personam* judgment against a mortgagor/defendant. *See* Pa.R.C.P. 1031. Indeed, a defendant in an assumpsit action may set forth under the heading "Counterclaim" *any* cause of action in assumpsit or trespass which he has against the plaintiff at the time the answer is filed. *See id.* Therefore, if appellant's amended new matter and counterclaims were stricken simply because they did not arise from the same series of transactions or occurrences as the loan underlying the Bank's complaint, striking them was improper. That being the case, we must consider whether appellant's amended new matter and counterclaims were properly demurred on otherwise valid grounds.

¶ 12 Our Supreme Court has set the standard of review for granting preliminary objections in the form of demurrer as follows:

All material facts set forth in the [pleading at issue] as well as all inferences reasonably deductible therefrom are admitted as true. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Mahoney v. Furches*, 503 Pa. 60, 66, 468 A.2d 458, 461–62 (1983).

*McMahon v. Shea*, 547 Pa. 124, 129, 688 A.2d 1179, 1181 (1997). When reviewing a grant of demurrer, we are bound neither by the inferences drawn by the trial court, nor by its conclusions of law. *Huddleston v. Infertility Center of America, Inc.*, 700 A.2d 453, 456 (1997) (citation omitted). Further, because Pennsylvania is a fact-pleading jurisdiction, a pleading must not only apprise the opposing party of the asserted claim, "it must also formulate the issues by summarizing those facts essential to support the claim." *Sevin v. Kelshaw*, 417 Pa.Super. 1, 611 A.2d 1232, 1235 (1992).

¶ 13 We will first consider whether appellant's amended new matter was properly stricken. His amended new matter provided, in pertinent part:

11. [The Bank's] claims against [appellant] are barred and/or limited as a result of the doctrine of waiver as applied to the action of [the Bank].

12. [The Bank's] claims against [appellant] are barred and/or limited as a result of the doctrine of estoppel.

13. [The Bank's] claims against [appellant] are barred and/or limited as a result of a failure and/or lack of consideration.

14. [Appellant] is entitled to a complete set off of all claims made by [the Bank] against [appellant].

Amended Answer, New Matter and Counterclaims, 2/24/95, ¶¶ 11–14. Appellant's amended new matter proceeded by setting forth the alleged oral agreement between appellant and the Bank, pursuant to which the Bank agreed to loan appellant $50,000, and appellant agreed to execute another mortgage on his residence.

¶ 14 To the extent the defenses asserted by appellant in his amended new matter were general assertions not connected to supporting facts, they were properly dismissed. *See Sevin*, 611 A.2d at 1235 (pleadings must not only apprise the opposing party of the claim being asserted, but must also summarize the essential facts to support the claim). To the extent appellant's defenses were grounded in his assertion that the Bank breached an oral agreement with him, they constituted counterclaims and set-offs, *see M.N.C. Corp. v. Mount Lebanon Med. Ctr.*, 510 Pa. 490, 495, 509 A.2d 1256, 1259 (1986) ("[a] set-off is a counter-claim demand which defendant holds against plaintiff, arising out of a transaction *extrinsic* of plaintiff's cause of action"), and, as such, were not properly presented in appellant's new matter. *See Iorfida v. Mary Robert Realty Co., Inc.*, 372 Pa.Super. 170, 539 A.2d

383, 386 (1988) ("anything other than a denial, setoff or counterclaim" may be included as a new matter under Pa.R.C.P. 1030); *Karoly v. Cap*, 365 Pa.Super. 528, 530 A.2d 436 (1987) (a travers, set-off or counterclaim is not considered a true affirmative defense under Pennsylvania pleading). Since appellant's amended new matter failed to plead any valid defenses to the cause of action set forth in the Bank's complaint, Judge Brown properly dismissed it.

¶ 15   We next address whether Judge Brown properly demurred appellant's amended counterclaims. Appellant asserted the following counterclaims: "breach of contract," "misrepresentation," "rescission," "cause of action pursuant to 21 P.S. § 681 *et seq.*," "failure to deal in good faith," "conversion," and "quiet title;" each of which incorporated the assertions made in his answer and amended new matter by reference. Upon review, we find that appellant's counterclaims for "breach of contract," "rescission," "quiet title," "cause of action pursuant to 21 P.S. § 681 *et seq.*," and "failure to deal in good faith" were sufficiently pleaded.

¶ 16   A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. *See Gen. State Auth. v. Coleman Cable & Wire Co.*, 27 Pa.Cmwlth. 385, 365 A.2d 1347, 1349 (1976). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. *See Snaith v. Snaith*, 282 Pa.Super. 450, 422 A.2d 1379, 1382 (1980) (citations omitted). Appellant pleaded that the Bank orally agreed to loan him $50,000 if he would execute a $50,000 mortgage in its favor as collateral; that appellant executed the $50,000 mortgage, but the Bank failed to perform by loaning him the $50,000; and that as a result of his inability to obtain the $50,000, he lost significant business opportunities, which, in turn, resulted in damages "in excess of the arbitration limits." Since appellant pleaded the essential terms of the agreement, a breach and damages, he sufficiently set forth a claim for breach of contract.

¶ 17   In his counterclaims for rescission and quiet title, appellant requested that the lower court enter an order directing that the $50,000 mortgage be marked satisfied in the office of the recorder of deeds. This Court has previously recognized that "where contractual promises or covenants are mutual and dependant, the failure of one party to perform authorizes the other to rescind the contract." *Francis Gerard Janson, P.C. v. Frost*, 422 Pa.Super. 36, 618 A.2d 1003, 1006 (1993) (citing 17A Am.Jur.2d, §§ 570, 574). Appellant's pleadings asserted the mutuality of the oral agreement, the Bank's failure to perform, and his own performance; therefore, his pleading of rescission was legally sufficient.

¶ 18   An action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land...." Pa.R.C.P. 1061(b)(3). Appellant's facts asserted that a $50,000 mortgage was recorded in the bank's favor, but the bank failed to loan appellant the corresponding $50,000. Thus, appellant's counterclaim for quiet title was sufficiently pleaded.

¶ 19   Pursuant to his counterclaim under 21 P.S. § 681 *et seq.*, appellant sought the lower court to enter an order that both the $50,000 mortgage and the $110,000 mortgage which secured appellant's guarantee be marked satisfied by the recorder of deeds. 21 P.S. § 681 provides:

**§ 681.  Satisfaction of mortgage on margin of record or by satisfaction piece**

Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.

*Id.* Appellant pleaded facts which, if proven, establish that he does not owe money to the Bank on either the $50,000 mortgage or the $110,000 guarantee mortgage. Hence, this cause of action is also legally sufficient.

¶ 20 Appellant's amended answer, new matter and counterclaims also asserted a cause of action against the Bank for "failure to deal in good faith." In this counterclaim, appellant incorporated the previous paragraphs of his amended answer, new matter and counterclaims, and added in pertinent part:

44. For an extended period of time, [appellant] dealt with [the Bank] almost exclusively with regard to the financial needs of [appellant] and of [appellant's] various commercial enterprises.

45. Over the course of 19 years, [appellant] established a relationship with [the Bank] of trust and reliance.

46. By way of refusing to satisfy numerous outstanding mortgages which were in amounts greatly in excess of the borrowings of [appellant] from [the Bank], and by refusing to advance the $50,000.00 promised by [the Bank] to [appellant] in consideration for the $50,000.00 Mortgage obtained by [the Bank] from [appellant], [the Bank] breached its duty to [appellant] to deal in good faith in the various business transactions entered into by the parties.

Amended Answer, New Matter and Counterclaims, 2/24/95, at ¶¶ 44–47. In Pennsylvania, the duty of good faith has been recognized in limited situations. *Creeger Brick & Bldg. Supply, Inc. v. Mid–State Bank & Trust*, 385 Pa.Super. 30, 560 A.2d 151 (1989). While a lending institution does not violate a separate duty of good faith by adhering to its agreements with a borrower or enforcing its contractual rights as a creditor, *see id.* 560 A.2d at 154, due to the longstanding relationship between the parties in this case, we cannot say that the parties have not, as a matter of law, developed a relationship wherein the Bank owes appellant a duty of good faith.

¶ 21 We do, however, find the demurrer of appellant's counterclaims for misrepresentation and conversion proper. Appellant's counterclaim for misrepresentation asserted that the Bank's representation that it would loan him $50,000 "was either intentionally or negligently false, in that [the Bank] never advanced the $50,000 to [appellant] as previously orally agreed." Amended Answer, New Matter and Counterclaims, 2/24/95, ¶ 34. Appellant's counterclaim failed to plead a cause of action for either fraud or negligent misrepresentation because it failed to aver that the Bank intended to induce appellant. *See Sevin v. Kelshaw*, 417 Pa.Super. 1, 611 A.2d 1232, 1236 (1992) (a cause of action for fraud must aver that the defendant intended to induce the plaintiff to act); *Gibbs v. Ernst*, 538 Pa. 193, 210, 647 A.2d 882, 890 (1994) (intent to induce must be proven to establish negligent misrepresentation); *Bash v. Bell Telephone Co.*, 411 Pa.Super. 347, 601 A.2d 825, 832 (1992) ("an unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made").

¶ 22 Appellant also failed to plead an action in conversion. Appellant asserted, "Upon information and belief, on several occasions, [the Bank] has improperly charged [appellant's] accounts, removed funds from [appellant's] accounts, or otherwise improperly taken and/or debited funds from [appellant's] various accounts." Appellant's Amended Answer, New Matter and Counterclaims at, 2/24/95, at ¶ 50. Since appellant failed to plead facts supporting his counterclaim for conversion, it was properly stricken.

¶ 23 In conclusion, we find that the trial court properly granted summary judgment on the assumpsit action brought by the Bank. We also find its demurrer of appellant's amended new matter and his counterclaims for misrepresentation and conversion proper. However, we find that demurrer was improperly granted with respect to appellant's counterclaims for "breach of contract," "rescission," "cause of action pursuant to 21 P.S. § 681 *et seq.*," "quiet title," and "failure to deal in good faith." Accordingly, we reverse

Judge Brown's grant of demurrer on these counterclaims.

¶ 24 Judgment affirmed in part, reversed in part. Case remanded to the lower court for further proceedings consistent with this opinion. Jurisdiction relinquished.

