

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2008

# Hopkins v. GNC Franchising Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hopkins v. GNC Franchising Inc" (2008). *2008 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3229
_____

PATRICK HOPKINS, Individually and on behalf of
OPPORTUNITIES PLUS, INC.,

Appellant

v.

GNC FRANCHISING, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 06-cv-00304)
District Judge: Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2007

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

_____

(Filed: August 19, 2008 )
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Patrick Hopkins, individually and on behalf of his company, Opportunities Plus, Inc., appeals the District Court's dismissal of his claims. For the reasons expressed below, we will reverse the court's judgment and remand for further proceedings.

I.

As we write for the benefit of the parties, we will only briefly recite the facts, read in the light most favorable to the nonmoving party. Eight years into a franchisor-franchisee relationship, the franchisor, General Nutrition Center Franchising (GNC), changed several of its policies, directly affecting the profitability of franchisee-Hopkins' stores. Hopkins fell behind in some of his payments, leading GNC to shut down Hopkins' five franchise locations. As a result, Hopkins filed suit against GNC (Hopkins I). Four of the five counts in the complaint (including claims of common law fraud and breach of the implied covenant of good faith and fair dealing) were dismissed with prejudice, while one count, tortious interference, was dismissed without prejudice.

Two months after the District Court's opinion in Hopkins I, Hopkins initiated the present two-count civil action against GNC, alleging tortious interference and breach of contract (Hopkins II). The District Court subsequently dismissed the complaint, stating that claim preclusion barred Hopkins' second suit, and alternatively, that Hopkins failed to state a claim upon which relief may be granted.

2

## II.

For a subsequent action to be barred under the doctrine of claim preclusion, there must have been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). As to Hopkins's tortious interference claim, the parties dispute only the first element—whether there was a *final* judgment on the merits in Hopkins I.

Hopkins' tortious interference claim was dismissed without prejudice. Generally, a claim dismissed without prejudice "is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). While it is true that an order dismissing a claim without prejudice becomes final and appealable "if the plaintiff cannot amend or declares his intention to stand on his complaint," id. at 951-52, neither of those exceptions applies to the instant case. See Morton Int'l Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 477-79 (3d Cir. 2006) (explaining that, rather than standing on its complaint, plaintiff, at oral argument, "expressly declined to disavow any intention to take further action" against the defendants). Here, there was no indication that Hopkins could not amend his complaint (to the contrary, the trial judge expected Hopkins to

3

amend his complaint),[1] nor did Hopkins ever declare his intention to stand on his complaint. Indeed, Hopkins expressly stated his desire to amend his complaint in his reply to GNC's motion to dismiss, however informally put.[2] As such, the exceptions to the general rule do not apply. Cf. Garber v. Lego, 11 F.3d 1197, 1198 (3d Cir. 1993) (finding a dismissal without prejudice final and appealable where the plaintiff asserted that his appeal was from a "final order," the trial court believed plaintiff had no desire to amend the complaint, and the briefs and oral argument made no mention of a desire to amend the complaint); Shapiro v. UJB Fin. Corp., 964 F.2d 272, 278 (3d Cir. 1992) (finding a district court's order final when plaintiffs "formally stood on their complaint"). Accordingly, the District Court's order was not final, it carries no preclusive effects, and the court erred in dismissing the claim based on claim preclusion.

As to Hopkins' breach of contract claim, the parties dispute the third element of the claim preclusion analysis—whether Hopkins II is a subsequent suit based on the same cause of action as in Hopkins I. As we have noted, the term "'[c]ause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." Athlone Indus., Inc., 746 F.2d at 983.

---

[1] The District Court noted that "[a]s defendant emphasize[d] in its reply to the motion to dismiss, through the Memorandum Opinion and Order in Hopkins I, this Court provided plaintiff with a 'roadmap' of how to cure the defects in its original complaint." Appendix (App.) 3-5.

[2] The District Court noted that "Plaintiff filed no formal motion to amend, but rather, a one line statement at the end of a 16 page brief in opposition to the motion to dismiss." App. 3-4, 3-5.

4

Instead, it is appropriate to address: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the *material* facts alleged are the same. Id. at 984. In the instant case, these factors demonstrate that the breach of contract claim in Hopkins II is not the same cause of action as the claim for breach of the implied covenant of good faith and fair dealing (or the common law fraud claim) in Hopkins I. While the relevant counts in Hopkins I alleged that GNC failed to act fairly in implementing its various franchisee-unfriendly business practices, and that GNC made fraudulent representations when Hopkins decided to become a franchisee, the contract claim in Hopkins II focuses on a different aspect of the Hopkins-GNC relationship: GNC's breach of express duties under the franchise contracts, including GNC's wrongful termination of Hopkins' franchises. As the acts complained of, theory of recovery, and material facts all differ between the two causes of action, the District Court erred in finding that claim preclusion barred this claim, and we will reverse the court's judgment.

## III.

The District Court also erred in its alternate ground for dismissal—that Hopkins failed to state a claim for which relief can be granted. As to Hopkins' tortious interference claim, the relevant elements under Pennsylvania law are: (1) the existence of a contractual relationship between plaintiff and a third party; (2) purposeful action on the

part of the defendant, with specific intent to harm the existing relationship; (3) the absence of a privilege or justification on the part of defendant; and (4) actual legal damages resulting therefrom. CBG Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004) (citing Crivelli v. General Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000) (applying Pennsylvania law)). While Hopkins did not explicitly allege facts regarding the third element—the absence of a privilege or justification on the part of defendant—such absence can be inferred from the complaint. According to the Pennsylvania Supreme Court, "[t]he absence of privilege or justification in the tort under discussion is closely related to the element of intent." Adler, Barish, Daniels, Levin and Creskoff v. Epstein, 482 Pa. 416, 432 (1978). Indeed, the Restatement (Second) of Torts, which Pennsylvania has expressly adopted, focuses upon whether conduct is "proper," rather than "privileged." Id. at 433 n.17; see Windsor Sec., Inc. v. Hartford Life Ins. Co., 986 F.2d 655, 660 (3d Cir. 1993). Given Hopkins' allegations of GNC's wrongful delay in approving the sale of Hopkins' stores, Hopkins alleged sufficient facts of GNC's improper actions to meet the low standard required at this stage of litigation. See Menkowitz v. Pottstown Memorial Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998). Accordingly, the District Court's dismissal of his tortious interference claim was in error and will be reversed.

As to Hopkins' breach of contract claim, Pennsylvania law requires that a plaintiff allege: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty

6

imposed by the contract, and (3) resultant damages." CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. 1999). Since Hopkins attached a copy of each franchise agreement to his complaint, and the complaint sufficiently alleged Hopkins' losses due to the wrongful termination of the franchise arrangement and closing of his stores, the only issue is whether GNC breached a duty imposed by the contract. In making this determination, we must construe the pleadings in the light most favorable to the non-moving party. Budinsky v. Pennsylvania Dept. of Envtl. Res., 819 F.2d 418, 421 (3d Cir. 1987). Moreover, "a plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery." Menkowitz, 154 F.3d at 124 ("This is especially so if the material deficiencies in the complaint stem from nothing more than inartful pleading . . . ."). Given Hopkins' factual allegations concerning GNC's wrongful termination of his franchises, there is at the very least an inference—which must be drawn in appellant's favor—that GNC terminated the franchise agreements in violation of the contract's provisions on "Default and Termination." Accordingly, just as with tortious interference, Hopkins has adequately stated a claim for breach of contract.

IV.

For these reasons, we will reverse the District Court's judgment and remand for further proceedings.

7