**Burton v. Bojazi**

*Gavin P. Lentz,* for plaintiff.
*James Lammendola,* for defendants.

ABRAMSON, *J.,* June 17, 2005—Before the court are defendants' preliminary objections to plaintiff's complaint. Plaintiff, Mr. Burton, a Pennsylvania resident and shareholder of J&J Painting & Decorating Inc., filed a complaint against Mrs. Bojazi, also a resident of Penn-

sylvania and shareholder of J&J, and Mr. Bojazi, a resident of Pennsylvania and an employee of J&J, for fraud, civil conspiracy, breach of contract and breach of fiduciary duty. The following allegations are set forth in plaintiff's complaint:

J&J Painting and Decorating Inc. is a small, closely held corporation formed in 2003 to provide various types of painting services. Plaintiff alleges that he became a 35 percent shareholder in J&J, upon its formation, by oral contract between plaintiff and defendants. Defendants allegedly agreed that plaintiff would receive 35 percent of all profits earned by the corporation. Additionally, plaintiff secured a credit line and allegedly agreed with defendants that the credit line would be available for company expenses. Plaintiff alleges in the complaint that the defendants misused corporate funds for personal expenses and failed to pay plaintiff the promised 35 percent of profits earned by the corporation.

In the present motion, defendants have raised four preliminary objections to plaintiff's complaint. The court will address each in turn.

## I. *Defendants' Preliminary Objection in the Nature of a Motion To Dismiss Count I of the Complaint*

Defendants object to plaintiff's Count I of the complaint for fraud, citing legal insufficiency of the pleadings. Defendants contend that the complaint does not assert the six elements of fraud and does not include factual specificity as required by Pennsylvania law. Specifically, the complaint does not allege a misrepresentation that the plaintiff could have justifiably relied upon

and the complaint does not contain any allegation that the representations were made falsely with knowledge of their falsity or recklessness as to their truth or falsity with the intent of misleading others. Defendants further contend that the pleading fails to describe with the particularity required by Pennsylvania law the precise conduct of each defendant, the times, the places and the dates of the alleged fraudulent misrepresentations.

This court believes that the plaintiff has not set forth sufficient facts to meet the requirements as described in the Pennsylvania Rules of Civil Procedure. Allegations of fraud, including the six elements of the tort, must be pled with particularity. Pa.R.C.P. 1019(b). See also, *Pobad Assoc. v. Albert Einstein Healthcare Network,* June term 2001, no. 2885, control no. 120373, Commerce Program, Herron, J. (February 2002) ("[P]laintiff must set forth the exact statements or actions plaintiff alleges constitute the fraudulent misrepresentations.") (citing *McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 143, 604 A.2d 1053, 1060 (1992)). To establish a claim for fraudulent misrepresentation, the plaintiff must allege the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Sigmond v. Phillips & Brooke P.C.,* June term 2002, no. 3098, control no. 71044, Sheppard, J. (December 2002). Here, the plaintiff alleges that the defendants took actions to conspire to defraud the plaintiff; however, the

plaintiff fails to include enough specificity to satisfy the particularity requirement of pleading fraud. The pleading alleges generally some actions taken by the defendants but fails to set forth any specific statements or misrepresentations made by the defendants to the plaintiff.

The court *sustains* this objection to Count I.

## II. *Defendants' Preliminary Objection in the Nature of a Motion To Strike Count II of the Complaint*

Defendants object to plaintiff's Count II of the complaint for civil conspiracy, citing legal insufficiency of the pleadings. Specifically, defendants challenge the allegations that the defendants conspired to misappropriate funds and to defraud the plaintiff because the allegations lack specificity as to the times, places and dates. Further, the defendants contend that the plaintiff failed to differentiate the conduct of the two defendants with respect to the conspiracy allegation.

To state a cause of action for conspiracy, plaintiff must allege (1) a combination of two or more persons acting with a common purpose to do an unlawful act by unlawful means or for an unlawful purpose, (2) an overt act done in furtherance of the common purpose, and (3) actual legal damage. *V-Tech Services v. Murray Motors Co.,* February term 2001, no. 1291, control no. 080055, Commerce Program, Herron, J. (October 2001) (citing *Baker v. Rangos,* 229 Pa. Super. 333, 351, 324 A.2d 498, 506 (1974)). Intent is also an element of conspiracy; however, this element may be pled generally. *V-Tech Services v. Murray Motors Co.,* February term 2001, no. 1291, control no. 080055, Commerce Program, Herron, J. (Oc-

tober 2001). Finally, the plaintiff is not required to plead specifically the time, place or date for a conspiratorial meeting. *Babiarz v. Bell Atlantic-Pennsylvania Inc.,* August term 2000, no. 1863, control nos. 010253, 021563, Commerce Program, Herron, J. (July 2001).

Here, the plaintiff pleads that the defendants conspired to use company funds for personal use and over extended credit lines held in the plaintiff's name. These actions, the plaintiff alleges in the complaint, harmed the plaintiff's credit line and caused the plaintiff other financial harm. The plaintiff sufficiently pled intent by alleging that the defendants knew their use of the company's funds would harm the plaintiff. Finally, there is no requirement that the plaintiff plead with specificity the times, dates or places where the two defendants conspired to cause actual legal harm to the plaintiff. The plaintiff included facts going to all required elements of civil conspiracy required for a sufficient pleading.

The court *overrules* this objection to Count II.

## III. *Defendants' Preliminary Objection in the Nature of a Motion To Strike Count III of the Complaint*

Defendants object to plaintiff's Count III of the complaint for breach of contract, citing failure to state a cause of action. The defendants' main objection is to the existence of the alleged oral contract between the plaintiff and the defendants. The defendants contend that any alleged agreement made by the defendants would be an ultra vires agreement outside the scope of the authority held by individual members of the corporation. According to defendants, the corporate entity could only make

a contract with the plaintiff. Defendants further contend that the plaintiff failed to state a cause of action for breach of contract because no profits could have been paid to the plaintiff since the corporation, J&J, has never earned a profit since its inception in 2003.

To establish a cause of action for breach of contract, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Corestates Bank N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. 1999). Here, the plaintiff alleged the existence of an oral contract between the parties. The alleged agreement was that the defendants, as a shareholder and an employee of the corporation, would pay the plaintiff 35 percent of profits garnered by the business. Additionally, the plaintiff alleges that the defendants agreed that they would not use the credit cards issued in plaintiff's name for personal expenses. The plaintiff further alleges a breach of that contract in that the defendants failed to pay the plaintiff his share of the profits and defendants used the credit cards for personal expenses. Finally, the plaintiff alleges that, as a result of the defendants' actions, the plaintiff suffered financial damages. Therefore, the plaintiff pled a cause of action for breach of contract with sufficient specificity by pleading all required elements.

The court *overrules* this objection to Count III.

### IV. *Defendants' Preliminary Objection in the Nature of a Motion To Strike Count IV of the Complaint*

Defendants object to plaintiff's Count IV of the complaint for breach of fiduciary duty, citing legal insuffi-

ciency of the pleadings. Specifically, the defendants contend that the complaint does not allege times, places and dates to support the allegation. In addition, defendants object to the complaint because it does not differentiate the alleged conduct by the two distinct defendants. The arguments offered by the defendants do not go to the legal sufficiency of the pleading of breach of fiduciary duty; however, the court finds that the complaint does not satisfy the fact pleading requirements of Pennsylvania.

A fiduciary duty exists where there is a confidential relationship between parties. Specifically, a confidential relationship exists where the parties do not deal on equal terms, "but, on the one side there is an overmastering influence, or on the other, weakness, dependence, or trust, justifiably reposed." *E.I. Fan Co. v. Angelo Lighting Co.,* April term 2003, no. 0327, control no. 061530, Commerce Program, Sheppard, J. (August 2003) (citing *Basile v. H & R Block Inc.,* 777 A.2d 95, 101 (Pa. Super. 2001)). A confidential relationship, along with the fiduciary duty, may arise where the parties have relationships such as: guardian and ward, attorney and client, principal and agent, or where the facts and circumstances so indicate and are apparent on the record. *Id.* Here, the plaintiff does not state facts sufficient to show that a fiduciary relationship did indeed exist. The plaintiff points only to the relationship between the parties as majority/minority shareholders of J&J. A minority shareholder holding 35 percent of the shares does not lead the court to believe that the defendants, as majority shareholders, hold an "overmastering influence" over the plaintiff. The two parties here are partners in their business. The complaint

must show "weakness, dependence, inferiority, or a disparity in the parties' position giving rise to an abuse of power" before this court will recognize a fiduciary duty and the breach thereof. *MRED General Partner v. Tower Economics Co.,* November term 2004, no. 2531, control no. 021380, Commerce Program, Abramson, J. (April 2005).

The court *sustains* this objection to Count IV.

## CONCLUSION

For all the foregoing reasons, defendants' preliminary objections to plaintiff's complaint are sustained in part and overruled in part.

## ORDER

And now, June 17, 2005, it is hereby ordered and decreed that defendants' preliminary objections to plaintiff's complaint are sustained in part and overruled in part.

Defendants' preliminary objection in the nature of a motion to dismiss Counts I, II, III, and IV of the complaint is sustained in part and overruled in part. Counts II and III may go forward; Counts I and IV of the complaint are dismissed with a right to plead with more specificity within 20 days from the date of this order.