## WM Specialty Mortgage LLC v. Shuttleworth

C.P. of Lawrence County, no. 10802 of 2006, C.A.

*Sandhya M. Feltes,* for plaintiff.

*Gregory S. Fox,* for defendants.

HODGE, *J.,* January 8, 2007—Before the court for consideration are the preliminary objections of plaintiff, WM Specialty Mortgage LLC, to defendants Shuttleworth's counterclaim, filed in response to the complaint in mortgage foreclosure filed by the plaintiff at the above term and number.

Plaintiff has filed an amended complaint in mortgage foreclosure, seeking judgment in rem in plaintiff's favor and against the defendants for foreclosure and sale of the mortgage premises.

Defendants have filed an answer, new matter, and counterclaim to plaintiff's amended complaint in mortgage foreclosure. The preliminary objections relate only to defendants' counterclaim, as the plaintiff has filed a reply to the new matter of the defendants.

In defendants' counterclaim, the defendants incorporate by reference the averments set forth in its answer and new matter. Defendants go on to more specifically allege that the plaintiff had violated the Unfair Trade Practices and Consumer Protection Law, 72 P.S. 102-2(4) (xxi), by engaging in fraudulent or deceptive conduct, which created the likelihood of confusion or misunderstanding, by promising to reduce the defendants' interest rate and monthly payments and then refusing to do so; in utilizing an appraisal process that improperly inflated the value of the property; and in using high-pressure sales techniques to coerce the defendants into refinancing their property with Ameriquest.

Defendants' counterclaim goes on to recite that as a result of the plaintiff's violations of the Unfair Trade

Practice and Consumer Protection Law, as outlined above, the defendants have suffered damages, relative to difficulty in paying their mortgage, damage to their credit rating, possibility of losing their home, and now, being obligated to a subsequent $10,000 obligation to benefit finance company.

Defendants' counterclaim seeks monetary damages arising out of the alleged deceptive conduct of the original lender, Ameriquest Mortgage Company.

Plaintiff's preliminary objections are in the nature of a demurrer to defendants' counterclaim, seeking to strike the counterclaim as being violative of Pa.R.C.P. 1141, Pa.R.C.P. 1148, and the appellate court cases relative to counterclaims in mortgage foreclosure actions.

Plaintiff's preliminary objections to defendants' counterclaim, restates certain factual allegations which are set forth in plaintiff's amended complaint in mortgage foreclosure. Briefly, the factual background is that on November 22, 2003, the defendants obtained a loan in the sum of $112,000 from Ameriquest Mortgage Company, a non-party to this action. As partial security for the loan, defendants provided Ameriquest Mortgage Company with a mortgage on defendants' property located at 801 Todd Avenue, Ellwood City, Pennsylvania, 16117. This mortgage was assigned by Ameriquest Mortgage Company to the plaintiff, WM Specialty Mortgage LLC, in June of 2006. As a result of defendants' failure to make mortgage payments since January 2006, plaintiff instituted a mortgage foreclosure action for the purpose of obtaining an in rem judgment against the mortgaged property.

Pennsylvania Rule of Civil Procedure 1141(a) defines action "to mean an action to foreclose a mortgage upon any estate, leasehold, or interest in land, but shall not include an action to enforce a personal liability."

Pa.R.C.P. 1148, "Counterclaim" for actions in mortgage foreclosures, provides that "A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrence from which the plaintiff's cause of action arose."

Upon review of the record, it is clear that the plaintiff, WM Specialty Mortgage LLC, is the assignee of the original mortgagee, Ameriquest Mortgage Company.

A defendant in an action of mortgage foreclosure may only plead counterclaims that arise from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose. Pa.R.C.P. 1148.

Plaintiff's cause of action arose from the failure of the defendants to honor its mortgage transaction with Ameriquest Mortgage Company, which plaintiff now asserts by virtue of the assignment of the mortgage by and between Ameriquest Mortgage Corporation and the plaintiff, WM Specialty Mortgage LLC. Defendants' counterclaim alleged in the mortgage foreclosure action relate to allegations of deceptive conduct or fraudulent loan practices by Ameriquest Mortgage Company, the original lender. Ameriquest Mortgage Company is simply not the plaintiff in this mortgage foreclosure action, thus, defendants' counterclaim must be stricken. See *Chrysler First Business Credit Corp. v. Gourniak,* 411 Pa. Super. 259, 601 A.2d 338 (1992); *Cunningham v. McWilliams,* 714

A.2d 1054 (Pa. Super. 1998); and *Corestates Bank N.A. v. Cutillo,* 723 A.2d 1053 (Pa. Super. 1999).

Accordingly, the court will enter the attached order granting the plaintiff's preliminary objections to defendants' counterclaim.

### ORDER

And now, January 8, 2007, after review of the defendants' counterclaim; plaintiff's preliminary objections to defendants' counterclaim; Pa. R.C.P. 1141 and 1148, and the appellate court cases cited in the attached opinion, it is the order of this court that the plaintiff's preliminary objection to defendants' counterclaim is granted, and defendants' counterclaim is stricken from the record of this case.

The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.