## Citimortgage Inc. v. Nightingale

C.P. of Lancaster County, no. CI-07-00323.

*Francis Hallinan,* for plaintiff.
*James A. Nettleton Jr.,* for defendants.

KNISELY, *J.,* December 9, 2008—This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In their appeal, defendants allege that they raised factual issues in their answer and new matter, rendering the grant of summary judgment premature.

## BACKGROUND

Plaintiff/appellee, Citimortgage, Inc.,[1] initiated this suit by filing a complaint for mortgage foreclosure on January 11, 2007. In response to defendants' filing of preliminary objections, Citimortgage filed two amended complaints.[2] Plaintiff's second amended complaint al-

---

1. Citimortgage is the assignee of the mortgage that is the subject of this suit. Pursuant to an assignment dated December 21, 2006, the mortgage executed by Ian and Rose Mary Nightingale to Mortgage Electronic Registration Systems Inc., recorded in Lancaster County on December 29, 2003, was assigned to Citimortgage.

2. On February 22, 2007, defendants filed preliminary objections to plaintiff's complaint wherein defendants listed the following objections: (1) failure of the complaint to conform to Pa.R.C.P. 1019(i) and 1028(a)(2) by not attaching the mortgage contract; and, (2) failure of the complaint to conform to 1028(a)(2) by not providing proper notice of legal help. On May 24, 2007, Citimortgage filed an amended complaint that complied with the rules and included the mortgage agreement as an attachment. In response, on May 1, 2007, defendants filed preliminary objections to the amended complaint and demurrer, listing the following objections: (1) the amended complaint does not contain a caption; (2) the prayer for relief in the amended complaint lists $878,647.28, an amount not supported in the body of the complaint; and (3) the amended complaint does not contain a certificate of service.

leged that defendants executed a mortgage of which plaintiff is the legal owner. Second amended complaint, at 6, ¶¶2-3. Defendants own property that is subject to the mortgage and the mortgage went into default when defendants failed to make their monthly payment on September 1, 2006. See *id.* at 2, ¶¶2, 4, 5. According to the complaint, defendants owe a principal balance of $82,918.88 plus interest, attorney's fees, late charges, suit costs, title search costs, and escrow deficits for a total amount due of $87,647.28.

On July 13, 2007, defendants filed their answer and new matter. Defendants admitted that they made and executed the mortgage upon the property described in plaintiff's complaint. See defendants' answer and new matter, at 2, ¶¶2-4. Defendants denied the mortgage being in default, stating that "[a]fter reasonable investigation, defendants are unable to admit to the truth and veracity of this allegation." See *id.* at 2, ¶5. Additionally, defendants denied the amount due. See *id.* at 2, ¶¶6-7. Defendants listed defenses in their new matter. Among other assertions, they claim that an assignment was not obtained from the original creditor and that there is no privity between them and plaintiff. See defendants' answer and new matter, at 3-4, ¶¶13-15, 20-21. They allege that plaintiff carried out fraudulent transactions with defendants by not timely posting payments, causing late fees to defendants' account, deducting late fees, and causing defendants' default. See *id.* at 4, ¶16. Defendants also add that "plaintiffs may have violated" the federal

The defendants also requested this court dismiss plaintiff's complaint. On May 29, 2007 plaintiff filed a second amended complaint that included a caption and corrected the prayer for relief. On June 18, 2007, plaintiff filed a certificate of service.

Fair Debt Collections Practices Act, the federal Fair Debt Reporting Act, and Consumer Protection Laws. See *id.* at 5, ¶¶24-26.

This court granted plaintiff's motion for summary judgment by its order of August 25, 2008.[3] Defendants' appeal followed.

## DISCUSSION

Summary judgment is permitted where there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. *New York Guardian Mortgage Corporation v. Dietzel,* 362 Pa. Super. 426, 429, 524 A.2d 951, 952 (1987). The court views the record in a light most favorable to the non-moving party. *Id.* The non-moving party seeking to avoid summary judgment cannot rest solely upon the averments in their pleadings. *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986). The non-moving party bears the burden of demonstrating a genuine issue for trial through affidavits, admissions, answers to interrogatories, or other specific factual evidence. See *id.* at 292, 515 A.2d at 983; see also, Pa.R.C.P. 1035(d).

---

3. This court issued an order dated September 16, 2008 clarifying two conflicting orders. As explained in that order, the file presented to the court at the date of the earliest order did not contain plaintiff's brief in support or significant attachments. As a result, this court denied plaintiff's summary judgment motion by order of April 26, 2008. Then, this court received the completed file and granted summary judgment by order of August 25, 2008. In its order of September 16, 2008, this court clarified the two conflicting orders and reconfirmed the order of August 25, 2008, which granted summary judgment.

Entry of summary judgment is appropriate in a mortgage foreclosure action where mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super. 1998) (citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971)). Additionally, averments in a responsive pleading are deemed admitted when not denied specifically or by necessary implication. Pa.R.C.P. 1029; see also, *Cercone v. Cercone,* 254 Pa. Super. 381, 387, 386 A.2d 1, 3 (1978) (finding defendant was required to specifically deny factual allegations in complaint where defendant is in position to know truth or falsity of allegation). A general denial or demand for proof will be deemed an admission. *Id.* More specifically, in a mortgage foreclosure action, the mortgagors, aside from the mortgagee or assignee, are the only parties with sufficient knowledge to base a specific denial. *Deitzel,* 362 Pa. Super. at 429, 524 A.2d at 952; see also, *Cercone,* 254 Pa. Super. at 388, 386 A.2d at 4 ("merely averring lack of knowledge is ineffective when it affirmatively appears defendant had sufficient knowledge on which to base an admission or specific denial").

Here, the requirements for granting summary judgment were met. Defendants admitted they executed the mortgage described in plaintiff's complaint. Defendants' claim that they are without knowledge to deny the default of their mortgage is effectively an admission. Defendants, as a party to the mortgage they executed and signed, are in the position to respond with specificity and they failed to do so. Defendants neither aver that payment was made nor offer any other specific evidence; thus, defendants

admitted their mortgage is in default. Similarly, the amount of default is deemed admitted because defendants failed to respond with specific facts contradicting plaintiff's affidavit, filed by Citimortgage's assistant vice president, attesting to the amounts due on the mortgage. See *Stein,* 357 Pa. Super. at 292, 515 A.2d at 983 (summary judgment supported where mortgagors failed to offer evidence contradicting treasurer's affidavit).

Additionally, defendants' bald assertions in their new matter failed to establish a genuine issue of fact or support a defense to plaintiff's prima facie case. Defendants' new matter consists of 17 paragraphs listing the following averments:[4]

(1) Plaintiff instituted this action without first acquiring an assignment.

(2) Plaintiff fraudulently caused late fees, deducted late fees, and caused default.

(3) Plaintiff's actions caused defendants to suffer a low credit rating.

(4) Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

(5) There is no privity of contract between plaintiff and defendants.

(6) Plaintiff has not pled or demonstrated proof of defendant's signature on a contract.

(7) Plaintiff may have violated the federal Fair Debt Collections Practices Act, the federal Fair Debt Reporting Act, and/or Consumer Protection Laws.

---

4. Defendants' averments have been reworded and combined for brevity.

See defendants' answer and new matter, at 3-5, ¶¶12-28. Plaintiff established the necessary elements for a foreclosure action, attached a copy of the mortgage and assignment, and the defendants, in response, failed to submit any facts to the contrary. Defendants' pleadings were general assertions unsupported by any facts; accordingly, they were dismissed. See *Corestates Bank v. Cutillo,* 723 A.2d 1053, 1057 (Pa. Super. 1999).

For the foregoing reasons, this court's grant of summary judgment in favor of plaintiff is supported and defendants' appeal should be dismissed.