NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1949
_____

JOHN D. ORANGE,
on behalf of himself and all others
similarly situated,

Appellant

v.

STARION ENERGY PA, INC, i/t/d/d/b/a Starion Energy,
STARION ENERGY PA, i/t/d/b/a Starion Energy,
STARION ENERGY INC, i/t/d/b/a Starion Energy
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00773)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2016

Before: CHAGARES, HARDIMAN, and SCIRICA, <u>Circuit Judges</u>

(Filed: October 12, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

John D. Orange brought a putative class action against Starion Energy PA, LLC ("Starion")[1] alleging Starion's pricing breached their service contract by not setting the price in accordance with the stated terms of variability. The District Court dismissed Orange's case for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We will affirm.

**I.**

In 1996, Pennsylvania deregulated its energy supply market, allowing private companies to compete with the public utility companies. Starion was one of the many private energy supply companies to enter the market in the wake of this deregulation. In October 2013, John Orange agreed to switch his electricity supplier from his local public utility (Penelec) to Starion. Among other terms, the contract Orange signed with Starion stated:

> The Variable Rate will be calculated monthly based on the following Starion variable price methodology. The Variable Rate may change in response to market conditions in any or all of the PJM, NEISO, NYISO, and MISO territories, including such factors as electricity market pricing, applicable taxes, transmission costs, utility charges, and other market price related factors, as determined in Starion's discretion.

After the initial month of service, Orange avers the rate Starion charged him

---

[1] Appellee notes that Starion Energy PA, LLC has also been incorrectly identified by the Appellant as Starion Energy PA, Inc. i/t/d/b/a Starion Energy, Starion Energy Pa, Starion Energy PA, i/t/d/b/a Starion Energy, Starion Energy Inc., and Starion Energy Inc., i/t/d/b/a Starion Energy.

gradually increased, eventually surpassing the rate charged by the local public utility by a significant margin. Orange terminated his service with Starion in April of 2014.

Orange filed suit on behalf of himself and all others similarly situated against Starion on February 18, 2015. The original Complaint alleged breach of contract and breach of the covenant of good faith and fair dealing, and sought declaratory and injunctive relief. [J.A. 33-34.] Starion filed a Motion to Dismiss. [J.A. 48.]

On June 15, 2015, the parties entered into a Partial Stipulation of Dismissal agreeing to dismiss all claims without prejudice except Orange's breach of contract claim. In accordance with the stipulation, Starion withdrew its Motion to Dismiss. On June 26, 2015, the District Court entered an Order acknowledging the Partial Stipulation but ordering Orange to show cause why the complaint should not be dismissed for failure to state a claim. [J.A. 16.] Orange filed a response. The court was unpersuaded and dismissed the Complaint without prejudice. Orange subsequently filed an Amended Complaint stating only the putative class action breach of contract claim. [J.A. 118-131.] Starion moved to dismiss the Amended Complaint for failure to state a claim. [J.A. 137-153.] On March 16, 2016, the District Court granted the Motion and dismissed the Amended Complaint with prejudice.

## II.[2]

We "exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." *Fleisher v. Standard Ins. Co.,* 679 F.3d 116, 120 (3d Cir.

---

[2] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

3

2012). In reviewing a motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

To establish a breach of contract under Pennsylvania law, a plaintiff must show: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).[3]

Pennsylvania law requires that an energy supplier's contract include a statement informing the customer "on what basis prices will vary." 52 Pa. Code § 54.5(c)(2)(i)-(ii)

---

[3] Orange contends Starion should have been prohibited from challenging the breach of contract claim in the Amended Complaint because the Partial Stipulation of Dismissal remains binding on the parties. We do not need to reach this question because Orange did not raise it before the district court. *See In re Ins. Brokerage Antitrust Litig.,* 579 F.3d 241, 261–62 (3d Cir. 2009). [Plaintiff's Reply to Defendants' Motion to Dismiss and in the Alternative, Motion to Strike, Amended Class Action Complaint, J.A. 154-164.] And, in any event, were we to consider Orange's arguments, we find Starion fully complied with the Partial Stipulation by withdrawing its Motion to Dismiss the original Complaint. Nothing in the Partial Stipulation compels Starion to take—or refrain from taking—any position on Orange's claims in response to future pleadings.

4

(2007) (amended 2014). In accordance with this law, Starion included the conditions of pricing variability in the terms and conditions of Orange's service contract. Both parties concede the existence of the contract and that the essential terms include the conditions of price variability.

Orange's Amended Complaint alleges Starion breached this contract by "charg[ing] customers an arbitrary, exorbitant, monthly rate far out of line with what the rate would have reasonably been had it been based on the market factors set forth in [the contract's conditions of variability clause.]" J.A. 122. In support of this allegation, Orange sets forth facts establishing that by the time he terminated his service, Starion was charging him almost three times the rate charged by his local utility. This, however, is not sufficient to state a claim plausible on its face for a breach of this contract.

That the price far exceeded the local public utility rate for a discrete amount of time is not sufficient to show that Starion breached its duty to calculate the price in accordance with the contract. The contract clearly states that the rate could be based on the market conditions not only in Orange's own geographic area, but also "in response to market conditions in any or all of the PJM, NEISO, NYISO, and MISO territories."[4] J.A.

---

[4] Orange contends the District Court's judicial notice that the acronyms within the contract referenced specific geographical territories constituted impermissible "independent extra-record research" and is grounds for reversal. Starion responds that we do not have jurisdiction over the question of whether the court took improper judicial notice of the geographical definitions of the acronyms because only the *sua sponte* dismissal order contained the geographical definitions—the dismissal of the Amended Complaint noted only the acronyms referenced "other specific territories"—and Orange did not designate the *sua sponte* dismissal order in his Notice of Appeal. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010) ("If an appeal is taken only

134. In addition, the contract states that the calculation of market conditions in these territories could account for "electricity market pricing, applicable taxes, transmission costs, utility charges, and other market price related factors, as determined in Starion's discretion." *Id.*

Orange's allegation that Starion set its prices arbitrarily is conclusory. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is equivalent to the charge that Starion breached the pricing terms of its contract. The sole *factual* allegation in Orange's Amended Complaint is that the rate charged was significantly higher than the rate charged by his local public utility within the time period. Because the contract explicitly provided that market price related factors in other territories could be used in the calculation at Starion's discretion, a simple comparison of Starion's rate to the local public utility rate is not sufficient to support the reasonable inference that Starion did not adhere to that formula.

We will affirm the judgment of the District Court.

---

from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or 'fairly inferred' by the Notice.").

Although there are circumstances under which we may review an order not specified in the notice of appeal, we do not find those conditions met in this case. *See id.* And, in any event, even if we were to reach the merits, we are unpersuaded by Orange's argument. The language of the contract itself clearly indicates that the acronyms designate distinct "territories." Because Orange did not plead facts regarding the rates charged in *any* other territory, the precise geographical bounds of each area is irrelevant to the 12(b)(6) analysis. Accordingly, judicial notice of the geographical areas indicated by the acronyms if improper—which we are not convinced it is—would be harmless error. *See In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1323 (3d Cir. 2002).